JUDGE MARRERO

08 CV 4966

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FELIX F. FIGUEROA,<br><br>Plaintiff,<br><br>v.<br><br>COX NISSAN, a New York corporation,<br>NISSAN MOTOR CREDIT<br>CORPORATION, a California corporation<br>KEITH COX, an individual, TROY<br>HEYWARD, an individual, and<br>RICHARD MIGNONE, an individual,<br><br>Defendants. | ECF Case<br><br>Case No.<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |



MJ Kevin N. Fox

---

Plaintiff, **FELIX F. FIGUEROA**, by his attorney, **RICHARD D LAMBORN**, Esq., as and for his Complaint against the Defendants, and each of them, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for a declaratory judgment, actual, compensatory, consequential, statutory, punitive damages and restitution on the grounds that there was no contract between the parties, for fraud, conspiracy, rescission and revocation of acceptance due to material ambiguity and illegibility, reformation of contract, unconscionability, deceptive business practices in violation of New York General Business Law Art. 22-A ("Deceptive Business Practices") and violation of the Federal Truth in Lending Act, 15 U.S.C. §1601 *et seq.* (TILA). Plaintiff is

1

entitled "Cash Sale" pursuant to Document 1 as well as General Obligation Law §5-327.

2. Plaintiff attempted to enter into a contact to purchase a new automobile for cash, however, part of his cash payment was refused and he is being charged interest on the payment that was refused. Furthermore, Plaintiff was charged for intangible add-ons which he did not want and had expressly refused. Finally, Plaintiff was not timely given a Truth in Lending Act Disclosure.

## JURISDICTION AND VENUE

3. The Court has jurisdiction pursuant to 15 U.S.C. 1640(e) (TILA) and 28 U.S.C. §§1331 and 1337, and supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202 and CPLR 3001.

4. Venue in this District is proper, pursuant to 28 U.S.C. §1391 (b) and §1391(c), because a substantial part of the events giving rise to the claim occurred in this District, and Defendants transact business here.

## PARTIES

5. Plaintiff, FELIX F. FIGUEROA, is a natural person over eighteen years of age and he maintains a residence in the City and State of New York, County and Borough of the Bronx. Plaintiff is a consumer within the meaning of federal and state consumer protection laws and the attempted purchase alleged herein was a consumer purchase.

6. Upon information and belief, Defendant COX NISSAN is a corporation organized and existing pursuant to the laws of the state of New York doing business in the City of New York,

2

County and Borough of the Bronx at 1335 East Tremont Avenue, Bronx, New York.

7. Upon information and belief, COX NISSAN is engaged in the business of, *inter alia*, purchasing and selling new and used motor vehicles to members of the general public. Upon information and belief, said Defendant's regular business involves extending and arranging for the extension of consumer credit, and said Defendant offers the public its services in extending and/or arranging for the extension of consumer credit.

8. Upon information and belief, Defendant NISSAN MOTOR ACCEPTANCE CORPORATION is a corporation organized and existing pursuant to the laws of the state of California, duly licensed as a lending institution in the state of New York and doing business in the City and State of New York, County and Borough of the Bronx.

9. Upon information and belief, Defendant NISSAN MOTOR ACCEPTANCE CORPORATION's regular business involves extending and arranging for the extension of consumer credit, and said Defendant offers the public its services in extending and/or arranging for the extension of consumer credit, including, but not limited to, customers of Defendant COX NISSAN.

10. Upon information and belief, Defendant KEITH COX is the President or other officer Defendant COX NISSAN with a place of business within the City and State of New York, County and Borough of the Bronx. Defendant KEITH COX is sued herein both in his individual and corporate capacities. Upon information and belief, said Defendant's regular business involves extending and arranging for the extension of consumer credit, and said Defendant offers the public its services in extending and/or arranging for the extension of consumer credit.

11. Defendant TROY HEYWARD is a natural person doing business in the City and State of New York, County and Borough of the Bronx. At all times alleged herein, TROY HEYWARD, was an employee and agent of Defendant COX NISSAN acting within the course and scope of his employment and agency. Said Defendant's regular business involves extending and arranging for the extension of consumer credit, and said Defendant offers the public its services in extending and/or arranging for the extension of consumer credit.

12. Defendant RICHARD MIGNONE is a natural person doing business in the City and State of New York, County and Borough of the Bronx. At all times alleged herein, RICHARD MIGNONE, was an employee and agent of Defendant COX NISSAN acting within the course and scope of his employment and agency. Said Defendant's regular business involves extending and arranging for the extension of consumer credit, and said Defendant offers the public its services in extending and/or arranging for the extension of consumer credit.

## STATEMENT OF FACTS

13. On or about Wednesday, October 31, 2007, Plaintiff, FELIX F. FIGUEROA, was asked by Defendant TROY HEYWARD at Defendant COX NISSAN's place of business at 1235 East Tremont Avenue, Bronx, New York to purchased a vehicle.

14. The person who processed the accounting documents for the attempted purchase was Defendant RICHARD MIGNONE.

15. Plaintiff **REFUSED** financing and attempted to purchase, for cash, a new 2007 Nissan Murano, vehicle identification number JN8AZ08W07W662949 (hereinafter, "vehicle.") priced as follows:

4

|   |   |
|---|---|
| a. Cost of vehicle | $36,940.00 |
| b. Trade-in of 1995 Chrysler Concord free and clear | ( -500.00) |
| c. Man. Rebate | (-1,500.00) |
| *Subtotal* | *34,940.00* |
| d. Sales tax | 4,328.20 |
| e. Reg. Fee | 75.00 |
| f. Insp. Fee | 10.00 |
| g. Other | 12.50 |
| **TOTAL** | $39,365.70 |

16. Plaintiff tendered and Defendants accepted $20,000.00 for the purchase of the vehicle.

17. Plaintiff tendered but Defendants **REFUSED** $19,365.70.

18. Plaintiff took possession of the vehicle.

19. Unbeknown to Plaintiff, and in opposition to his express instructions, Defendants COX NISSAN, TROY HEYWARD and RICHARD MIGNONE created patently ambiguous and illegible financing papers for the vehicle in Plaintiff's name with monthly payments of $652.92 for 71 months with interest at 10.44% *per annum*:

|   |   |
|---|---|
| a. Amount financed | $34,825.00 |
| b. Finance charge | 12,184.54 |
| c. Total Payments | 47,010.24 |
| d. Total Sales Price | 69,010.24 |

20. Defendants, COX NISSAN, TROY HEYWARD and RICHARD MIGNONE, attempted to place the false financing papers with M & T Bank. The false papers were refused by M & T Bank.

21. Defendants, COX NISSAN, TROY HEYWARD and RICHARD MIGNONE, attempted to place the false financing papers with JP Morgan Chase. The false papers were refused by JP Morgan Chase.

22. Defendants, COX NISSAN, TROY HEYWARD and RICHARD MIGNONE, then placed the false financing papers with NISSAN MOTOR ACCEPTANCE CORPORATION which accepted them.

23. When attempting to purchase the vehicle, Plaintiff told Defendants TROY HEYWARD, RICHARD MIGNONE and COX NISSAN that he did not want "Windshield Protection," "Lojack," "Total Loss", "Gap Coverage", or an "Extended Warranty." Plaintiff was charged for them anyway as follows:

|   |   |
|---|---|
| a. Windshield Protection | 2,995.00 |
| b. Lojack | 5,750.00 |
| c. Total Loss | 2,995.00 |

    d. Gap Coverage                        $175.00

    e. Extended Warranty             $3,500.00

These items were included in the amount financed.

24. Defendants COX NISSAN, TROY HEYWARD and RICHARD MIGNONE failed and refused to provide Plaintiff with any papers relating to the purchase of the vehicle, including, but not limited to, the Truth in Lending Act Disclosures.

25. On Friday, November 2, 2007, Plaintiff returned to Defendant COX NISSAN's place of business, asked why he had received financing documents from Defendant, NISSAN MOTOR ACCEPTANCE CORPORATION, again demanded that Defendant, COX NISSAN, accept his tendered payment of $19,365.70 and provide him with the papers relating to the purchase of the vehicle.

26. Defendants, COX NISSAN, TROY HEYWARD and RICHARD MIGNONE, refused Plaintiff's tender offer and failed and refused to provide him with any papers relating to the purchase of the vehicle, including, but not limited to, the Truth in Lending Act Disclosures.

27. On or about Monday, November 5, 2007, Plaintiff again returned to Defendant, COX NISSAN's, place business and again asked why he had received financing documents from Defendant, NISSAN MOTOR ACCEPTANCE CORPORATION, demanded that Defendant, COX NISSAN, accept a tender for $19,365.70 and provide him with the papers relating to the purchase of the vehicle.

28. Again, Defendants, COX NISSAN, TROY HEYWARD and RICHARD MIGNONE, refused Plaintiff's tender and failed and refused to provide him with any papers relating to the

purchase of the vehicle, including, but not limited to, the Truth in Lending Act Disclosures.

29. On or about Friday, November 30, 2007, Plaintiff, with his daughter, returned to Defendant, COX NISSAN's, place business and asked why he had received financing documents from Defendant, NISSAN MOTOR ACCEPTANCE CORPORATION, demanded that Defendant, COX NISSAN, accept his check for $19,365.70 and provide him with the papers relating to the purchase of the vehicle.

30. For the first time, a full month after the transaction was illegally executed, Plaintiff was provided with Truth in Lending Act Disclosures as well as the other papers relating to the purchase of the vehicle. Further, the papers related to the transaction were ambiguous and illegible.

31. Plaintiff explained to Defendant, NISSAN MOTOR ACCEPTANCE CORPORATION, the fraud committed by Defendants, TROY HEYWARD, RICHARD MIGNONE and COX NISSAN, requesting that Defendant NISSAN MOTOR ACCEPTANCE CORPORATION accept funds of $9,365.70 and release him from any and all liability to Defendant NISSAN MOTOR ACCEPTANCE CORPORATION. Defendant, NISSAN MOTOR ACCEPTANCE CORPORATION, refused to do so.

32. Defendant, NISSAN MOTOR ACCEPTANCE CORPORATION, knew or should have known that Plaintiff had been defrauded by Defendants TROY HEYWARD, RICHARD MIGNONE, KEITH COX and COX NISSAN.

33. Defendant, KEITH COX, should have known that Plaintiff had been defrauded by Defendants, TROY HEYWARD, RICHARD MIGNONE and COX NISSAN. On information

and belief, Defendant, KEITH COX, knew that Plaintiff had been defrauded by Defendants, TROY HEYWARD, RICHARD MIGNONE and COX NISSAN, and actively participated in such fraud.

34. Thereafter, Plaintiff retained counsel who issued a "NOTICE OF RESCISSION AND/OR REVOCATION OF ACCEPTANCE AND DEMAND FOR RESTORATION," dated March 3, 2008 to Defendants, COX NISSAN and NISSAN MOTOR ACCEPTANCE CORPORATION, who have failed and refused to cancel the financing and the add-ons. A SUPPLEMENTAL NOTICE OF RECISION AND/OR REVOCATION dated May 21, 2008 was sent to Defendants, COX NISSAN and NISSAN MOTOR ACCEPTANCE CORPORATION, who continued fail and refuse to cancel the financing and the add-ons.

35. The alleged written evidence of the contract that was prepared by Defendants, and each of them, requires that Plaintiff pay Defendants' attorney's fees in the event of breach. New York General Obligations Law §5-327(2) creates a reciprocal right to recover attorney's fees, in favor of Plaintiff, implied as a matter of law upon breach of any contractual duty by Defendants, and each of them.

36. Plaintiff has incurred attorneys fees by reason of Defendants, and each of their, breach of the contract of sale.

### FIRST CAUSE OF ACTION
(Federal Truth in Lending Act (TILA) 15 U.S.C. §§1601 *et seq*. - Cox Nissan, Nissan Motor Credit, Keith Cox, Troy Heyward and Richard Mignone)

37. Petitioner repeats and realleges each and every allegation above, as if set forth fully herein.

from Defendants, and each of them.

39. The vehicle is used primarily by Plaintiff for personal, family and household purposes.

40. On information and belief, Defendants, and each of them, claim that the vehicle was purchased pursuant to a written agreement.

41. Pursuant to the alleged written agreement, Defendants, and each of them, claim they extended to Plaintiff consumer credit in the amount of $34,825.70, against a total purchase price of $69,010.24, to be paid in 72 equal monthly installments of $652.92.00 each, commencing on November 30, 2007.

42. On information and belief, Defendants, and each of them, claim that they disclosed to Plaintiff the information required by 15 U.S.C. §§1601, *et seq*.

43. In fact, Defendants, and each of them, failed to disclosed to Plaintiff such information as required by Federal Truth in Lending Act (TILA).

44. The Defendants', and each of their, failure to disclose was willful and deliberate, and the misrepresenting could not have been made if the Defendants, and each of them, had maintained procedures to ensure the required disclosures.

45. The Defendants', and each of their, failure to disclose was deliberate and calculated to induce Plaintiff to purchase the vehicle.

46. Under the provisions of the TILA, Defendants, and each of them, are liable to Plaintiff in an amount that is twice the finance charge, or at least $100.00 but not more than $1,000.00.

47. The Defendant are also liable for Plaintiff's attorney's fees.

## SECOND CAUSE OF ACTION
(Declaratory Judgment and Restitution, Material ambiguity and illegibility)

48. Plaintiff repeats and realleges each and every allegation above, as if set forth fully herein.

49. Any agreement between Plaintiff and Defendants is patently ambiguous and illegible as to material facts, including but not limited to, the purchase of optional features and the price of the vehicle.

50. Additionally, many pages of the agreement are illegible as a result of Defendant's use and improper completion of a pre-made form, commonly called a contract of adhesion, provided by Defendants.

51. The common law doctrine of *contra proferentum* states that ambiguities in a contract of adhesion are to be interpreted against the party which offered the contract.

52. As a result of such ambiguity and illegibility on behalf of Defendants there is no valid contract, and Plaintiff has been damaged in that he has been forced to pay for windshield protection, Lojack, total loss, gap coverage, and an extended warranty, as well as finance charges. Plaintiff seeks restitution of these amounts because there is no valid contract.

## THIRD CAUSE OF ACTION
(Fraud - Cox Nissan, Nissan Motor Credit, Keith Cox, Troy Heyward and Richard Mignone)

11

53. Petitioner repeats, realleges each and every allegation above, as if set forth fully herein.

54. The representations described above constitute misrepresentations, concealment and/or omissions concerning material elements of the transaction between the parties were intentionally false, deceptive and misleading and had the capacity and tendency to, and in fact did, deceive or mislead Plaintiff who without knowledge of their falsity reasonably relied thereon and which induced him to purchase the vehicle as wrongfully intended.

55. Defendants, and each of them, intentionally, with full knowledge of falsely and/or with reckless disregard of truth and fraudulently misrepresented to Plaintiff in order to deceive him and have him purchase the vehicle the material facts that:

    a. this was a cash sale,

    b. he was not being charged for and/or did not intend to purchase:

        (1). Windshield protection,

        (2). Lojack,

        (3). Total Loss

        (4). Gap Coverage

        (5). Extended Warranty

These facts are material when considering that the Defendants knew or should have known that they would force Plaintiff to obtain financing for the sale and charge him for windshield protection, Lojack, total loss, gap coverage, and an extended warranty.

56. Plaintiff justifiably believed and reasonably relied on these untrue representations.

12

57. As the direct result of believing and lodging and acting upon the untrue representation, Plaintiff, has been damaged in that he has been forced to pay for windshield protection, Lojack, total loss, gap coverage, and an extended warranty, as well as finance charges. Plaintiff seeks restitution of these amounts.

58. Said Defendants intentional and willfully engaged in the shocking, outrageous and unconscionable conduct and action described above.

59. In order to punish said Defendants and to properly deter them, and others, form engaging in similar conduct in the future, the Court should award Plaintiff punitive damages in an amount determined by the Court.

### FOURTH CAUSE OF ACTION
(Conspiracy - Cox Nissan, Nissan Motor Acceptance Corporation, Keith Cox, Troy Heyward and Richard Mignone)

60. Petitioner repeats and realleges each and every allegation above, as if set forth fully herein.

61. Defendants, and each of them, agreed individually and collectively to illegally and fraudulently collect:

   a. finance charges from Plaintiff which he had refused on a cash sale and

   b. charges for windshield protection, Lojack, total loss, gap coverage, and an extended warranty from Plaintiff which he had refused.

62. As the direct and proximate result of the conspiracy, Plaintiff has been damaged in that he has been forced to pay for windshield protection, Lojack, total loss, gap coverage, and an extended warranty, as well as finance charges. Plaintiff seeks restitution of these amounts.

unconscionable conduct and action described above.

64. In order to punish said Defendants and to properly deter them, and others, form engaging in similar conduct in the future, the Court should award Plaintiff punitive damages in an amount determined by the Court.

**FIFTH CAUSE OF ACTION**
(Rescission and Revocation of Acceptance - Cox Nissan, Nissan Motor Acceptance Corporation)

65. Petitioner repeats and realleges each and every allegation above, as if set forth fully herein.

66. Plaintiff elected to rescind the purchase of the vehicle and revoke acceptance based upon Defendants' false, fraudulent, and misleading representations and/or omissions of fact and/or conspiracy as well as unconscionability in violation of Uniform Commercial Code §2-302.

67. In the alternative, Plaintiff elected to rescind the purchase of the vehicle and revoke acceptance based on his unilateral mistake in that he would not have agreed to accept the vehicle if he had knowledge that a cash payment would not be accepted, the purchase would be financed and/or that he would be charged for windshield protection, Lojack, total loss, gap coverage, and an extended warranty. On or about March 3, 2008, Plaintiff duly notified Defendants COX NISSAN and NISSAN MOTOR ACCEPTANCE CORPORATION that based upon the above, he had elected to rescind the purchase.

68. Defendants COX NISSAN and NISSAN MOTOR ACCEPTANCE CORPORATION have continually failed and/or refused to comply with Plaintiff's rescission of the purchase and have failed and/or refused to return any amounts paid by Plaintiff.

14

69. Plaintiff is entitled to a judgment that the purchase is rescinded.

70. Plaintiff has suffered damage in the amount of all monies paid to Defendants COX NISSAN and NISSAN MOTOR ACCEPTANCE CORPORATION and is entitled to recover therefore from said Defendants. Plaintiff seeks restitution of these amounts.

71. Plaintiff is entitled to attorney's fees pursuant to General Obligations Law §5-327(2).

### SIXTH CAUSE OF ACTION
(Reformation of Contract - Cox Nissan and Nissan Motor Acceptance Corporation)

72. Petitioner repeats and realleges each and every allegation above, as if set forth fully herein.

73. Plaintiff and Defendant COX NISSAN entered into a contract for the cash purchase of the vehicle.

74. There was an ambiguous mistake in some of the written evidence of the contract in that it states that Plaintiff was also to pay for windshield protection, Lojack, total loss, gap coverage, an extended warranty, and to pay for financing the vehicle. Further, the document outlining the material details of the said transaction fails to clearly mention some of these additions and those that are mentioned are not clearly added to the total sale price. The document is inconsistent, ambiguous and at points illegible. Only on the financing document are these items slipped in their entirety.

75. Through no fault of Plaintiff, Defendant COX NISSAN erroneously prepared the written evidence and placed the sale for financing with Defendant NISSAN MOTOR ACCEPTANCE CORPORATION who knew or should have known of the error. Said

Defendants seek inequitable advantage over Plaintiff as a result of the error.

76. In the alternative, the written evidence of the contract that requires financing is unconscionable in violation of Uniform Commercial Code §2-302.

77. On or about March 3, 2008, Plaintiff duly notified Defendants COX NISSAN and NISSAN MOTOR ACCEPTANCE CORPORATION that based upon the above, written evidence must be reformed but said Defendants have failed and refused to do so and/or failed and refused to return any amounts paid by Plaintiff.

78. Plaintiff is entitled to a judgment that the purchase contract is reformed.

79. Plaintiff has suffered damage in the amount of all monies paid to Defendants COX NISSAN and NISSAN MOTOR ACCEPTANCE CORPORATION and is entitled to recover therefore from said Defendants. Plaintiff seeks restitution of these amounts.

80. Plaintiff is entitled to attorney's fees pursuant to General Obligations Law §5-327(2).

### SEVENTH CAUSE OF ACTION
(Deceptive Business Practices, New York General Business Law Art. 22-A - Cox Nissan, Nissan Motor Acceptance Corporation, Keith Cox, Troy Heyward and Richard Mignone)

81. Petitioner repeats and realleges each and every allegation above, as if set forth fully herein.

82. Some or all of the misrepresentations, acts and/or conduct involved material elements of the transaction between the parties and were unfair, illegal, false, deceptive and/or misleading.

83. Such misrepresentations, acts and/or conduct had the capacity and tendency to, and in fact did, harm, deceive or mislead Plaintiff, including, but not limited to:

    a. placing finance charges against Plaintiff which he had refused on a cash sale

and

    b. charges Plaintiff for windshield protection, Lojack, total loss, gap coverage, and an extended warranty from Plaintiff which he had refused.

    84. The conduct and actions described herein are directed at the general public and are not isolated or unique to the transaction between the parties.

    85. The aforementioned conduct constitutes deceptive business practices in violation of New York General Business Law Art. 22-A.

    86. As result of such violation, Plaintiff has suffered damage in an amount to be determined by the Court and Plaintiff is entitled to recover therefore pursuant to General Business Law §349(h) from Defendants and each of them.

    87. Such conduct was also willful, malicious and/or reckless, and/or the result of gross negligence, and, as a result, Plaintiff may recover additional statutory damages per violation pursuant to General Business Law §349(h) from Defendants and each of them.  Plaintiff is entitled to recovery of attorney's fees from Defendants and each of them pursuant to General Business Law §349(h).

    88. Plaintiff is entitled to an injunction barring Defendants, and each of them, from such misrepresentations, and/or conduct as well as such unfair, illegal, false, deceptive and/or misleading acts and/or conduct which had the capacity and tendency to, and in fact did, harm, deceive or mislead Plaintiff.  Plaintiff is entitled to an additional recovery of attorney's fees from Defendants and each of them pursuant to General Business Law §349(h).

**EIGHTH CAUSE OF ACTION**
(Negligence, Gross Negligence, Recklessness - Cox Nissan, Nissan Motor Acceptance

Corporation, Keith Cox, Troy Heyward and Richard Mignone)

89. Petitioner repeats and realleges each and every allegation above, as if set forth fully herein.

90. Defendants, and each of them, were negligent, grossly negligent and/or reckless in the preparation and/or processing of the writings evidencing the contract between Defendants COX NISSAN and NISSAN MOTOR ACCEPTANCE CORPORATION.

91. Said fault was the direct and proximate result of the damage to Plaintiff for the charges for windshield protection, Lojack, total loss, gap coverage and finance charges.

92. Defendants, and each of them are liable to Plaintiff for the amount of charges for windshield protection, Lojack, total loss, gap coverage, extended warranty, and finance charges.

93. **WHEREFORE**, Plaintiff prays for judgment against Defendants and each of them as follows:

    a. Statutory damages pursuant to TILA, 15 U.S.C. §§1601, *et seq*.

    b. Declaratory judgment finding that there is no contract,

    c. Damages for fraud and/or conspiracy as determined by the Court,

    d. Restitution to avoid unjust enrichment of Defendants in an amount determined by the Court,

    e. Declaratory judgment for recession of the contract of sale,

    f. Declaratory judgment for reformation of the contract of sale,

    g. Statutory damages for Deceptive Business Practices pursuant to GBL Art. 22-A,

    h. Damages for negligence, gross negligence and/or recklessness as determined by the Court,

        i. Punitive damages as determined by the Court,

        j. Attorney's fees as required by GOL §5-327, TILA and/or the New York Deceptive Business Practices Act,

        k. Costs of court and interest,

        l. Such other and further relief as the Court deems proper.

**DATED**: 5/27/08  
    Bronx, NY

            /s/ Richard D Lamborn  
        **RICHARD D LAMBORN**, Esq.  
        Attorney for Plaintiff  
        333 East 149th Street, 2nd Floor  
        Bronx, NY 10451  
        (917) 671-6217  
        Fax (646) 349-3819

MS Word Debtor's Rights/Figueroa, Felix/05.21.08 Cox