UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
FELIX F. FIGUEROA,

                                        Plaintiff,

                                                        Case No. 08 cv 4966 (VM)(KNF)

            -against-                                   ANSWER AND CROSSCLAIMS


COX NISSAN, a New York corporation, NISSAN
MOTOR CREDIT CORPORATION, a California
Corporation, KEITH COX, an individual, TROY
HEYWARD, and individual and RICHARD
MIGNONE, an individual,

                                        Defendants.
--------------------------------------------------------------------x

          Defendants, Cox Nissan Inc. s/h/a Cox Nissan ("Cox Nissan") and Keith Cox ("Cox"),

(collectively the "Defendants"), by their attorneys Cyruli Shanks Hart & Zizmor, LLP., answer the

allegations contained in plaintiff's Complaint as follows:


                        PRELIMINARY STATEMENT

          1.      Answering paragraph "1" of the Complaint, deny that plaintiff is entitled to attorney's

fees and refer all questions of the law to the Court.

          2.      Deny the allegations contained in paragraph "2" of the Complaint.

                        JURISDICTION & VENUE

          3.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "3" of the Complaint and refer all questions of the law to the

Court.

          4.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "4" of the Complaint and refer all questions of the law to the

Court.

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6.    Admit the allegations contained in paragraph "6" of the Complaint.

7.    Admit the allegations contained in paragraph "7" of the Complaint except to deny that Cox Nissan extends credit.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10.    Answering paragraph "10" of the Complaint, deny that Cox Nissan extends credit and deny that Cox, individually, performs the functions alleged and avers that Cox performs all functions as an employee of Cox Nissan.

11.    In response to the allegations raised in paragraph "11" of the Complaint, admit only that defendant Troy Heyward was a former employee of Cox Nissan.

12.    In response to the allegations raised in paragraph "12" of the Complaint, admit only that defendant Richard Mignone was a former employee of Cox Nissan.

13.    Deny the allegations contained in paragraph "13" of the Complaint and aver that plaintiff requested to purchase a vehicle from Cox Nissan.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15.    Deny the allegations contained in paragraph "15" of the Complaint

16.    Admit the allegations contained in paragraph "16" of the Complaint.

17.    Deny the allegations contained in paragraph "17" of the Complaint.

18.    Admit the allegations contained in paragraph "18" of the Complaint.

19.     Deny the allegations contained in paragraph "19" of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint except to deny that the papers alleged were "false papers".

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint except to deny that the papers alleged were "false papers".

22.     Deny that the papers were "false papers" as alleged in paragraph "22" of the Complaint.

23.     Deny the allegations contained in paragraph "23" of the Complaint.

24.     Deny the allegations contained in paragraph "24" of the Complaint.

25.     Deny the allegations contained in paragraph "25" of the Complaint.

26.     Deny the allegations contained in paragraph "26" of the Complaint.

27.     Deny the allegations contained in paragraph "27" of the Complaint.

28.     Deny the allegations contained in paragraph "28" of the Complaint.

29.     Deny the allegations contained in paragraph "29" of the Complaint.

30.     Deny the allegations contained in paragraph "30" of the Complaint.

31.     Answering paragraph "31" of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations except to deny that Defendants committed fraud.

32.     Answering paragraph "32" of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations except to deny that Defendants committed fraud.

33.     Deny the allegations contained in paragraph "33" of the Complaint.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint.

35.    Answering paragraph "35" of the Complaint, refer all documents to the Court for interpretation and determination.

36.    Deny the allegations contained in paragraph "36" of the Complaint.


<u>AS TO THE FIRST CAUSE OF ACTION</u>

37.    Answering paragraph "37" of the Complaint, Defendants repeat, reiterate and reassert each and every response as set forth above with the same force and effect as if set forth herein at length.

38.    Answering paragraph "38" of the Complaint, deny that the plaintiff purchased the vehicle from the individual answering defendant.

39.    Answering paragraph "39" of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations .

40.    Admit the allegations contained in paragraph "40" of the Complaint.

41.    Answering paragraph "41" of the Complaint, refer all documents to the Court for interpretation and determination.

42.    Admit the allegations contained in paragraph "42" of the Complaint but refer all questions of law to the Court.

43.    Deny the allegations contained in paragraph "43" of the Complaint.

44.    Deny the allegations contained in paragraph "44" of the Complaint.

45.    Deny the allegations contained in paragraph "45" of the Complaint.

46.    Deny the allegations contained in paragraph "46" of the Complaint.

47.    Deny the allegations contained in paragraph "47" of the Complaint.

<u>AS TO THE SECOND CAUSE OF ACTION</u>

48.    Answering paragraph "48" of the Complaint, Defendants repeat, reiterate and reassert each and every response as set forth above with the same force and effect as if set forth herein at length.

49.    Deny the allegations contained in paragraph "49" of the Complaint.

50.    Deny the allegations contained in paragraph "50" of the Complaint.

51.    Answering paragraph "51" of the Complaint Defendants refer all questions of the law to the Court.

52.    Deny the allegations contained in paragraph "52" of the Complaint.

<u>AS TO THE THIRD CAUSE OF ACTION</u>

53.    Answering paragraph "53" of the Complaint, Defendants repeat, reiterate and reassert each and every response as set forth above with the same force and effect as if set forth herein at length.

54.    Deny the allegations contained in paragraph "54" of the Complaint.

55.    Deny the allegations contained in paragraph "55" of the Complaint.

56.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56" of the Complaint

57.    Deny the allegations contained in paragraph "57" of the Complaint.

58.    Deny the allegations contained in paragraph "58" of the Complaint.

59.    Deny the allegations contained in paragraph "59" of the Complaint and deny that plaintiff is entitled to punitive damages.

## AS TO THE FOURTH CAUSE OF ACTION

60.     Answering paragraph "60" of the Complaint, Defendants repeat, reiterate and reassert each and every response as set forth above with the same force and effect as if set forth herein at length.

61.     Deny the allegations contained in paragraph "61" of the Complaint.

62.     Deny the allegations contained in paragraph "62" of the Complaint.

63.     Deny the allegations contained in paragraph "63" of the Complaint.

64.     Deny the allegations contained in paragraph "64" of the Complaint and deny that plaintiff is entitled to punitive damages.

## AS TO THE FIFTH CAUSE OF ACTION

65.     Answering paragraph "65" of the Complaint, Defendants repeat, reiterate and reassert each and every response as set forth above with the same force and effect as if set forth herein at length.

66.     Deny the allegations contained in paragraph "66" of the Complaint.

67.     Deny the allegations contained in paragraph "67" of the Complaint.

68.     Deny the allegations contained in paragraph "68" of the Complaint and deny that plaintiff is entitled to rescission.

69.     Answering the allegations contained in paragraph "69" of the Complaint deny that plaintiff is entitled to rescission.

70.     Deny the allegations contained in paragraph "70" of the Complaint.

71.     Deny the allegations contained in paragraph "71" of the Complaint.

<u>AS TO THE SIXTH CAUSE OF ACTION</u>

72.    Answering paragraph "72" of the Complaint, Defendants repeat, reiterate and reassert each and every response as set forth above with the same force and effect as if set forth herein at length.

73.    Deny the allegations contained in paragraph "73" of the Complaint.

74.    Deny the allegations contained in paragraph "74" of the Complaint.

75.    Deny the allegations contained in paragraph "75" of the Complaint and deny that plaintiff is entitled to rescission.

76.    Deny the allegations contained in paragraph "76" of the Complaint.

77.    Deny the allegations contained in paragraph "77" of the Complaint.

78.    Deny the allegations contained in paragraph "78" of the Complaint.

79.    Deny the allegations contained in paragraph "79" of the Complaint.

80.    Deny the allegations contained in paragraph "80" of the Complaint.

<u>AS TO THE SEVENTH CAUSE OF ACTION</u>

81.    Answering paragraph "81" of the Complaint, Defendants repeat, reiterate and reassert each and every response as set forth above with the same force and effect as if set forth herein at length.

82.    Deny the allegations contained in paragraph "82" of the Complaint.

83.    Deny the allegations contained in paragraph "83" of the Complaint.

84.    Deny the allegations contained in paragraph "84" of the Complaint.

85.    Deny the allegations contained in paragraph "85" of the Complaint.

86.    Deny the allegations contained in paragraph "86" of the Complaint.

87.    Deny the allegations contained in paragraph "87" of the Complaint.

88.    Deny the allegations contained in paragraph "88" of the Complaint.

<u>AS TO THE EIGHTH CAUSE OF ACTION</u>

89.     Answering paragraph "89" of the Complaint, Defendants repeat, reiterate and reassert each and every response as set forth above with the same force and effect as if set forth herein at length.

90.     Deny the allegations contained in paragraph "90" of the Complaint.

91.     Deny the allegations contained in paragraph "91" of the Complaint.

92.     Deny the allegations contained in paragraph "92" of the Complaint.

93.     Deny the allegations contained in paragraph "93" of the Complaint.

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

94.     The Complaint fails to state a cause of action upon which relief can be granted.

<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>

95.     Plaintiff's claims are barred by the Statute of frauds.

<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>

96.     Plaintiff's culpable conduct or contributory negligence contributed to his loss, thereby precluding recovery.

<u>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</u>

97.     Plaintiff has failed to mitigate his damages.

<u>AS AND FOR A FIFTH AFFIRMATIVE DEFENSE</u>

98.     Plaintiff's claims are barred by the doctrine of equitable estoppel and/or waiver.

<u>AS AND FOR A SIXTH AFFIRMATIVE DEFENSE</u>

99.     Any damages sustained by the plaintiff were caused by third parties, and not the answering Defendants.

<u>AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE</u>

100.    Plaintiff has not pleaded fraud with specificity as required Fed. R. Civ. P. 9(b).

<u>AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE</u>

101.    Plaintiff's claims are barred by the Parole Evidence rule.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

102.    If plaintiff recovers against Defendants after trial, Defendants seek, as and for a set off and a reduction of judgment credit, for reasonable use and possession of the vehicle as well as reasonable wear and tear on the vehicle.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

103.    Defendant Cox did not deal with plaintiff in his individual capacity.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

104.    Plaintiff has failed to satisfy a condition precedent.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

105.    Ratification.

## AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE

106.    Unclean hands.

## AS AND FOR AN FOURTEENTH AFFIRMATIVE DEFENSE

107.    Punitive damages are not recoverable in a private contract action.

## AS AND FOR A CROSS-CLAIM AGAINST
## NISSAN MOTOR CREDIT CORPORATION, TROY HEYWARD AND RICHARD MIGNONE

108.    If plaintiff recovers herein against Defendants Cox Nissan and Cox, such damages will have been caused and brought about by reason of the breach of contract and/or fraud or other actions, of the co-defendants Nissan Motor Credit Corporation ("Nissan Motor"), Troy Heyward ("Heyward") and Richard Mignone ("Mignone"), their agent(s), servant(s), and/or employee(s). Said culpable acts by Nissan Motor, Heyward and Mignone will have been primary and the culpable acts if any of the answering defendant will be secondary.

109.    If plaintiff recovers from Defendants Cox Nissan and Cox, then Defendants Cox Nissan and Cox, will have been injured and seeks, as and for a cross-claim, indemnification for any and all amounts that Defendants Cox Nissan and Cox may have to pay, and that Defendants Cox

Nissan and Cox have judgment over and against defendants Nissan Motor, Heyward and Mignone, jointly and severally, together with the costs, expenses and disbursements incurred in the defense of this action.

WHEREFORE, Defendants Cox Nissan Inc. and Keith Cox demand judgment, dismissing plaintiff's Complaint in its entirety, for judgment on its cross-claim, together with the costs and disbursements of this action, and as such other relief as this Court deems just and proper.

Dated: New York, New York
         July 1, 2008

                                    CYRULI SHANKS HART & ZIZMOR LLP

                                    By: ____/s/_____
                                         Russell Shanks
                                         Attorneys for Defendants
                                         Cox Nissan, Inc. and Keith Cox
                                         420 Lexington Avenue-Ste 2320
                                         New York, New York 10170
                                         (212) 661-6800

TO:    RICHARD D. LAMBORN, ESQ.
       Attorney for Plaintiff
       333 East 149th St., 2nd Floor
       Bronx, NY 10451
       (917) 671-6217